IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY FALLON, | No. CIV.S-06-2194 FCD DAD PS |
| | No. CIV.S-06-2401 DFL DAD PS |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| UNITED STATES GOVERNMENT, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendant. | |
| _____/ | |

Plaintiff, proceeding in these actions pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. These proceedings were referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). While the proceedings have not been related or consolidated pursuant to the Local Rules, in the interest of judicial economy, the undersigned issues this Order and Findings and Recommendations in each of the above-listed actions.

/////

1

In each action, plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the requests to proceed in forma pauperis will be granted.

Plaintiff's complaints name the same defendant, "United States Government." The complaint in No. CIV.S-06-2194 FCD DAD PS challenges "strange actions" at Tuolumne General Hospital and alleges that plaintiff "believed that his Regular Doctor, had been killed, by the New Doctor, who was going to try to kill [plaintiff]." (CIV.S-06-2194 Compl. at 1.) The complaint prays for "One Hundred Trillion Dollars" in damages. (Id. at 2.) The complaint in No. CIV.S-06-2401 DFL DAD PS asks the court to take notice of a constitutional amendment proposed by plaintiff to Congress. (CIV.S-06-2401, Compl. at 1.) That complaint asks that the court "File this Legal Docum[ent]ation, and requests, or asks, to rec[ei]ve, nothing in return." (Id. at 2.)

As is the case with numerous other complaints plaintiff has filed in this court over approximately the last two years, no basis for federal jurisdiction is alleged in the recently filed complaints. The undersigned finds that the court lacks subject matter jurisdiction over these actions. See Bell v. Hood, 327 U.S. 678, 682 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit"); Hagans v. Levine, 415 U.S. 528, 543 (stating that a claim may be dismissed for lack of jurisdiction where it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to

2

1 involve a federal controversy within the jurisdiction of the District
2 Court"). <u>See</u> also <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir.
3 1984)("A paid complaint that is 'obviously frivolous' does not confer
4 federal subject matter jurisdiction and may be dismissed sua sponte
5 before service of process.")(citations omitted).  Accordingly, the
6 undersigned will recommend that these actions be dismissed with
7 prejudice for lack of subject matter jurisdiction.  Based on
8 plaintiff's history of filing obviously frivolous actions, granting
9 leave to amend would be futile.

10        Accordingly, IT IS HEREBY ORDERED that:

11        1.  Plaintiff's requests for leave to proceed in forma
12 pauperis in the above-listed actions are granted; and

13        2.  The Clerk of the Court is directed to file and serve
14 this Order and Findings and Recommendations in each of the above-
15 listed actions.

16        IT IS HEREBY RECOMMENDED that these matters be dismissed
17 for lack of subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P.
18 12(h)(3).

19        These findings and recommendations are submitted to the
20 United States District Judge assigned to the case, pursuant to the
21 provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after
22 being served with these findings and recommendations, plaintiff may
23 file written objections with the court and serve a copy on all
24 parties.  Such a document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendations."  Plaintiff is
26 advised that failure to file objections within the specified time may

3

waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\fallon.various.ifp.f&r.3

4